RETURN TO CUSTOMER

1  TINA WOLFSON, SBN 174806
2  twolfson@ahdootwolfson.com
   ROBERT AHDOOT, SBN 172098
3  rahdoot@ahdootwolfson.com
   THEODORE W. MAYA, SBN 223242
4  tmaya@ahdootwolfson.com
5  **AHDOOT & WOLFSON, P.C.**
6  10850 Wilshire Boulevard, Suite 370
   Los Angeles, California 90024
7  Tel: 310-474-9111; Fax: 310-474-8585
8
9  *Counsel for Plaintiff,* ANGELA DAUL

10              **UNITED STATES DISTRICT COURT**

11          **FOR THE CENTRAL DISTRICT OF CALIFORNIA**

12

13

14  ANGELA DAUL, Individually And On      CASE NO. CV13-03959-PA (SH)
    Behalf of All Others Similarly Situated,
15

16                                          **CLASS ACTION COMPLAINT**
                        Plaintiff,
17

18      v.

19

20  LANCÔME LUXURY PRODUCTS,               JURY TRIAL DEMANDED
    LLC; LANCÔME SALES INC.;
21  LANCÔME, INC.

22

23                      Defendant.

24

25

26

27

28
                                    1
                        CLASS ACTION COMPLAINT

Plaintiff, Angela Daul ("Plaintiff"), alleges, upon personal knowledge as to herself and her own acts, and upon information and belief (based on the investigation of counsel) as to all other matters, as follows:

### NATURE OF ACTION

1.     This action seeks to remedy the unfair, deceptive, and unlawful business practices of Defendants, Lancôme Luxury Products, LLC, Lancôme Sales Inc. and Lancôme, Inc. (collectively "Defendants" or "Lancôme")[1] with respect to the production, distribution, advertising, marketing and sales of its facial foundation makeup, Teint Idole Ultra 24H (the "Product(s)").  Defendants manufacture, market, sell, and distribute the Product using a marketing and advertising campaign that is centered around the claim that the Product will last for 24 hours on the consumer's skin, regardless of skin type, and stay perfectly flawless (the "24-hour Claim"or "Claim").  However, Defendants' advertising and marketing campaign and labeling claims are false and misleading because the Product does not stay on the skin for 24 hours.

2.     As explained more fully herein, Lancôme has made, and continues to make, deceptive and misleading claims and promises to consumers about the efficacy of the Product, in a pervasive, nationwide, marketing scheme that confuses and misleads consumers about the true nature of the Product.  In reality, the Product does not live up to the claims made by Lancôme.

3.     Although Lancôme knows it cannot deliver what it promises, it bolsters its 24-hour Claim by including references to years of scientific research

---

[1]     As the precise corporate structure of Defendants is unclear at the time of filing, Plaintiff reserves the right to add additional Defendants should it become necessary as discovery progresses.  In addition, because the Products themselves reference Lancôme Luxury Products, LLC, while the advertisements and websites do not appear to, Plaintiff's reference here to one of the Defendants shall not be deemed to exclude any other.

**CLASS ACTION COMPLAINT**

and testing, special technologies, and references to pending patents to further gain consumers' trust in the claims. Although Lancôme does not have reliable scientific evidence, it boasts such science-laden claims for the sole purpose of misleading and deceiving consumers to reap enormous profits.

4.     Through the marketing and sales of the Product, Defendants have worked to convey the singular message: the Product lasts for 24 hours. Each person who has purchased the Product has been exposed to Defendants' misleading advertising message and purchased the Product as a result of that message on the Product labels and/or as part of the advertising.

5.     Defendants know that consumers are willing to pay for specialized cosmetics, and have advertised the Product with the intention that consumers rely on the 24-hour Claim and representations made in the advertising and on the Product packaging. Defendants' claims are deceptive and misleading, and have been designed solely to cause consumers to buy the Product. Defendants knew or should have known, at the time they began selling the Product, that it did not last for 24 hours.

6.     Plaintiff read and relied on the representations that Lancôme made in its advertising and on the Product itself, namely the 24-hour Claim, when she purchased the Product. Plaintiff and the Class (defined below) paid a premium for the Product over foundations that did not purport to provide 24-hour coverage.

7.     By relying on the representations that Defendants' Product would stay on her skin for 24 hours and could, thus, do something that other foundation products could not do, Plaintiff and the Class have been damaged and suffered an ascertainable loss by purchasing the Product, which is sold at an inflated price. Plaintiff did not receive the benefit of the bargain, a foundation that provided 24-hour coverage, when she purchased the Product. Instead, she

3

received a foundation that, in direct contradiction to Defendants'
representations, does not provide full 24-hour coverage for her skin.

8.     This class action seeks to provide redress to consumers who have
been harmed by the false and misleading marketing practices Defendant has
engaged in with respect to the Product.  Plaintiff asserts claims, on behalf of
herself and the Class, pursuant to the California Consumers Legal Remedies
Act, Civil Code § 1750, *et seq.* ("CLRA"); Unfair Competition Law, California
Business and Professions Code § 17200, *et seq.* ("UCL"); False Advertising
Law, California Business and Professions Code § 17500, *et seq.* ("FAL"); and
breach of the express warranty created by Defendant's advertising, including the
labeling of the Products.

9.     Through this action, Plaintiff seeks injunctive relief, actual
damages, restitution and/or disgorgement of profits, statutory damages,
attorneys' fees, costs, and all other relief available to the Class as a result of
Defendant's unlawful conduct.

**PARTIES**

10.     Plaintiff, Angela Daul, is a resident of West Hollywood, California
and thus, is a citizen of California.

11.     Defendant, Lancôme Luxury Products, LLC, is a limited liability
corporation with its address in New York and, thus, is a citizen of New York.

12.     Defendant, Lancôme Sales Inc., is a Delaware corporation with its
principal place of business at 720 Fifth Avenue, New York, NY 10019.
Lancôme Sales Inc. is, therefore, a citizen of Delaware and New York.

13.     Defendant, Lancôme, Inc., is a Delaware corporation with its
principal place of business at 52 Vanderbilt Ave., New York, NY 10017-3808.
Lancôme, Inc. is, therefore, a citizen of Delaware and New York.

4

**CLASS ACTION COMPLAINT**

14.     All of Defendants' actions described in this Complaint are part of, and in furtherance of, the unlawful conduct alleged herein, and were authorized and/or done by Defendants' various officers, agents, employees, or other representatives while actively engaged in the management of Defendants' affairs (or that of their predecessors-in-interest) within the course and scope of their duties and employment, and/or with the actual, apparent, and/or ostensible authority of each of the Defendants.

## JURISDICTION AND VENUE

15.     The claims asserted herein arise under the laws of the State of California.

16.     This Court has original jurisdiction over this action pursuant to 28 U.S.C. § 1332(d) because the matter in controversy, upon information and belief, exceeds $5,000,000, exclusive of interest and costs, and this is a class action in which certain of the Class members and Defendants are citizens of different states.

17.     Venue is proper in this District pursuant to 28 U.S.C. § 1391(b), because many of the acts and transactions alleged herein occurred in substantial part in this District.

## FACTUAL ALLEGATIONS

18.     Lancôme is a luxury cosmetics house that was founded in France in 1935 by Armand Petitjean.  Since 1964, Lancôme has been part of L'Oreal's Luxury Products division, which offers skin care, fragrances, and makeup at higher-end prices.

19.     Lancôme's cosmetics are sold at Lancôme counters or department store sections, or over websites, with prominent signage identifying Lancôme as

5

the seller, and the products as Lancôme products.  Lancôme products are also packaged in both boxes and a product container that identify them as Lancôme products.

20.    Regardless of where Plaintiff and the Class purchased the Product (*i.e.,* on-line directly from Lancôme, in a department store at the Lancôme counter, or from other third-party retailers like Sephora), they were exposed to Lancôme's deceptive and misleading advertising messages and material omissions regarding the efficacy promises of the Product.

21.    Department stores are the principal source for higher priced, brand-name cosmetics such as Estee Lauder, Clinique, Chanel, Lancôme and Elizabeth Arden, where these brands are intensely competitive.

22.    Such competition is, in part, characterized by claims as to product performance characteristics, which purport to reflect the benefits resulting from the intended use of the products.  Product efficacy claims serve the important purpose of helping consumers make informed purchase decisions based upon product differentiation.

**The Product and Its Advertising**

23.    In or about April 2012, Lancôme introduced a new foundation makeup named Teint Idole Ultra 24H, which it purportedly researched for eight years before introduction into the market.  The "24H" stands for 24 hours. Lancôme claims that, following application, the Product will remain flawlessly perfect and unified on the skin for a full 24 hours, without transfer or caking.

24.    Lancôme heavily markets the Product in print media, including the placement of advertisements in such widely circulated magazines as *Glamour*, *Cosmopolitan*, *Vogue*, and *O- The Oprah Magazine*, among others.

CLASS ACTION COMPLAINT

25.     Defendants also tout that the Product was a winner of *The Oprah Magazine* Makeup O-ward for 2012.

26.     Lancôme uniformly repeats its pervasive 24-hour Claim on the box in which the Product is sold, on the bottle in which it is sold, and through its advertising campaign in the media and on the internet.

27.     For example, Lancôme's proprietary website (www.Lancôme-usa.com) touts the 24-hour Claim.  Under the "Details" heading, Lancôme states:

> 24-hour wear for divine, lasting perfection
>
> Following 8 years of research, Lancôme unveils its first 24-hour wear foundation for lasting perfection.
>
> With its new EternalSoft technology, Teint Idole Ultra 24H defeats all challenges. Complexion stays perfectly flawless and unified.  Never cakey.
>
> 24-hour divine comfort
>
> In perfect affinity with the skin, Teint Idole Ultra 24H is irresistibly comfortable. Its new, blendable and fresh texture leaves the complexion perfectly smooth, velvety matte with no powdery effect.
>
> **Result**
>
> The full coverage you need – flaws, pores, redness and all imperfections visibly disappear. The velvety finish you love for 24-hour lasting perfection and comfort. Full coverage. Velvety matte finish with no powdery effect.
>
> Oil-free. Fragrance-free. Transfer-free. Non-comedogenic. Tested on sensitive skin. Tested under dermatological control. Patent pending.

http://www.Lancôme-usa.com/Teint-Idole-Ultra-24H/1000554,default,pd.html?cm_mmc=LabeliumSearch-_-GoogleGeneric-_-Foundation-_-24%20hour%20foundation (last visited on May 30, 2013)

CLASS ACTION COMPLAINT

28.     In addition, under the "Benefits" tab, Lancôme represents that the benefits include:

> Eternalsoft Polymer – allows increased comfort level with ultra-long wear

> NAI pigments – specially coated pigments maintain consistent pH level with skin, so color stays true all day

> Perlite and Silica – two of the most effective oil-absorbing ingredients

http://www.Lancôme-usa.com/Teint-Idole-Ultra-24H/I000554,default,pd.html?cm_mmc=LabeliumSearch-_-GoogleGeneric-_-Foundation-_-24%20hour%20foundation (last visited on May 30, 2013).

29.     The same claims are made on the packaging and bottle of the Product, which refers to "Retouch-free makeup" and "24h wear for a divine, lasting perfection" as well as the "velvety finish you love for 24 hour lasting perfection and comfort."

30.     In fact, the 24-hour Claim is false and materially misleading.  The Product does not perform as claimed for 24 hours or anywhere near 24 hours.

31.     A central theme of Lancôme's deceptive marketing campaign, which permeates throughout its advertisements and Product displays and labels, is that the Product, and the results promised by Lancôme, are supported by years of scientific research and resulting discoveries.  Lancôme's marketing campaign highlights the purported years of scientific research, the patents, and testing that, according to Lancôme, supports the promised results.

32.     While such science-based claims and use of the term "patent pending" provide Lancôme with an increased level of credibility among unsuspecting consumers, and therefore lead to increased sales, the purported

8

CLASS ACTION COMPLAINT

scientific research is simply part of Lancôme's deceptive and misleading advertising campaign.

33.     To validate a product efficacy or other performance claims, studies must be comprised of methods that are reliable and reproducible, and must follow well-designed and scientifically valid methodology according to good practices.

34.     Lancôme does not publish information sufficient to validate its 24-hour Claim, because it has no such information.

**Plaintiff's Experience**

35.     Plaintiff is a consumer who uses foundation makeup and other makeups to enhance her appearance.  Like other busy consumers, she has specific reasons for wanting long-wearing makeup.  For example, long-wearing makeup permits her to leave the home without having to collect her many makeups, lipsticks, brushes and other implements to touch up or reapply makeup during the day or in the early evening prior to evening engagements.  In addition, Plaintiff owns and operates a coffee shop/restaurant requiring Plaintiff to work long hours from early morning until late at night.   These long hours do not allow time for Plaintiff to touch up or reapply her makeup.

36.     In early March, 2013, Plaintiff purchased a 1-ounce bottle of the Product at Bloomingdale's in Santa Monica, California for $45.00, plus tax.

37.     Plaintiff saw, read and relied on Product efficacy statements made by Lancôme in making her decision to purchase the Product.  The efficacy statements relied on by Plaintiff included, for example, the "24H" that is part of the product name, claims that the Product was "retouch free" and would stay "perfectly flawless" and provide "24 hour lasting perfection and comfort, "

CLASS ACTION COMPLAINT

testing claims, and claims touting the purported, "scientific" research with "new EternalSoft."

38.     These false and misleading statements viewed by Plaintiff in the advertising and at the Lancôme counter at Bloomingdale's were material and influenced her decision to purchase the Product.  The 24-hour Claim was central to Plaintiff's purchase decision, as a long-lasting makeup assists with her dual objectives of convenience and enhancement to her natural appearance.

39.     After purchasing and using the Product, Plaintiff realized that it never lasted for 24 hours and that the product often ran into her eyes with sweat or simply came off when Plaintiff lightly wiped her face, contrary to the labeling and advertising.

40.     As stated, the 24-hour Claim was material to Plaintiff, who purchased the Product specifically in order to achieve the promised 24-hour "longwear" and is also material to a reasonable consumer.  In addition, consumers who, for example, cannot themselves apply makeup and need daily help (*e.g.* nursing home and assisted living residents) to assist them in the task, have the need for long-wearing makeup, as does the person who applies makeup early in the morning but will not have an opportunity to reapply makeup prior to a dinner or other evening engagement.  All of such persons, and others, reasonably seek a long-wear makeup and could reasonably be expected to purchase the Product because Defendants have represented that the Product produces, on all skin types, a freshly made-up appearance for 24 hours. Lancôme knows that the Claim is material to a reasonable consumer, as it placed the Claim on the Product after conducting market research and in order to increase sales.  However, the Claim is false as the Product does not perform as promised and even day-long wear is sporadic at best.

CLASS ACTION COMPLAINT

41.     There are a plethora of consumer online reviews to the effect that, contrary to the 24-hour Claim, the Product breaks down, bronzes, cakes, requires touch-up and otherwise fails to maintain affinity with the skin for more than one-half the claimed period of "divine, lasting perfection."

42.     Lancôme knew that the Product's promised results are not possible, *i.e.*, its foundation will not provide the promised 24-hour, long-lasting results.

43.     In addition to its affirmative misrepresentations and false advertising, Lancôme fails to disclose that its Product does not perform as promised.

44.     Until such time as Lancôme ceases to engage in deceptive and misleading advertising and sale of the Product, Plaintiff and the Class will continue to be harmed.

45.     Plaintiff and Class members suffered an ascertainable loss and damage, in the amount of the price of the Product, as a result of the improper actions described herein because the Product does not last for 24 hours, as Defendants claim.

## CLASS ACTION ALLEGATIONS

46.     Plaintiff brings this action on behalf of herself and all other persons similarly situated, pursuant to Rule 23 of the Federal Rules of Civil Procedure.

47.     The Class ("Class") that Plaintiff seeks to represent is defined as follows:

> All California consumers who purchased Teint Idole Ultra 24H, not for resale, ("Class").

Excluded from the Class are (a) Defendants, including any entity in which Defendants have a controlling interest, and their representatives, officers, directors, employees, assigns and successors; (b) any person who has suffered

11

personal injury or is alleged to have suffered personal injury as a result of using the Product; and (c) the Judge and any court personnel to whom this case is assigned.

48.     **Numerosity / Impracticability of Joinder:**  The members of the Class are so numerous that joinder of all members would be impracticable.  The proposed Class includes, at a minimum, thousands of members.  The precise number of Class members can be ascertained by reviewing documents in Defendants' possession, custody and control or otherwise obtained through reasonable means.

49.     **Commonality and Predominance:**  There are common questions of law and fact which predominate over any questions affecting only individual members of the Class.  These common legal and factual questions, include, but are not limited to the following:

> a.   Whether Defendants conveyed to the Class that the Product would provide 24 hour coverage;
>
> b.   Whether Defendants conveyed to the Class that the Product's 24 hour Claim was substantiated by scientific research and studies;
>
> c.   Whether Defendants' claims are true or false or likely to deceive a reasonable consumer;
>
> d.   Whether Defendant violated California Civil Code § 1750, *et seq.*;
>
> e.   Whether Defendant violated California Business and Professions Code § 17200, *et seq.*;
>
> f.   Whether Defendant breached an express warranty;
>
> g.   Whether Defendant violated California Business and Professions Code § 17500, *et seq.*; and

12

h.    The nature of the relief, including equitable relief, to which Plaintiff and the Class members are entitled.

50.    **Typicality:**  Plaintiff's claims are typical of the claims of the members of the Class she seeks to represent.  Plaintiff and all Class members have been injured by the same wrongful practices in which Defendants have engaged.  Plaintiff's claims arise from the same practices and course of conduct that give rise to the claims of the Class members, and are based on the same legal theories.

51.    **Adequacy:**  Plaintiff is a representative who will fully and adequately assert and protect the interests of the Class, and has retained Class counsel who are experienced and qualified in prosecuting class actions.  Neither Plaintiff nor her attorneys have any interests which are contrary to or conflicting with the Class.

52.    **Superiority:**  A class action is superior to all other available methods for the fair and efficient adjudication of this lawsuit, because individual litigation of the claims of all Class members is economically unfeasible and procedurally impracticable.  While the aggregate damages sustained by the Classes are likely in the millions of dollars, the individual damages incurred by each Class member resulting from Defendants' wrongful conduct are too small to warrant the expense of individual suits.  The likelihood of individual Class members prosecuting their own separate claims is remote, and, even if every Class member could afford individual litigation, the court system would be unduly burdened by individual litigation of such cases.  Individual members of the Class do not have a significant interest in individually controlling the prosecution of separate actions, and individualized litigation would also present the potential for varying, inconsistent, or contradictory judgments and would magnify the delay and expense to all of the parties and to the court system

13

CLASS ACTION COMPLAINT

because of multiple trials of the same factual and legal issues.  Plaintiff knows of no difficulty to be encountered in the management of this action that would preclude its maintenance as a class action.  In addition, Lancôme has acted or refused to act on grounds generally applicable to the Class and, as such, final injunctive relief or corresponding declaratory relief with regard to the members of the Class as a whole is appropriate.

53.     Plaintiff will not have any difficulty in managing this litigation as a class action.

## FIRST CAUSE OF ACTION
### For Violations of the Consumers Legal Remedies Act -
### Civil Code § 1750, *et seq.* on Behalf of Plaintiff and the Class

54.     Plaintiff realleges and incorporates by reference the allegations contained in the paragraphs above as if fully set forth here.

55.     This cause of action is brought pursuant to the CLRA.  Plaintiff is a consumer as defined by California Civil Code § 1761(d).  The Product is a good within the meaning of the CLRA.

56.     Defendants violated and continue to violate the CLRA by engaging in the following practices proscribed by California Civil Code § 1770(a) in transactions with Plaintiff and the Class which were intended to result in, and did result in, the sale of the Products:

        (2)    Misrepresenting the source, sponsorship, approval or certification of goods or services.

                        \* \* \*

        (5)    Representing that [the Products have] . . . characteristics, . . . uses [or] benefits . . . which they do not have . . . .

14

\* \* \*

(7)    Representing that [the Products] are of a particular standard, quality or grade . . . if they are of another.

\* \* \*

(9)    Advertising goods . . . with intent not to sell them as advertised.

57.    Defendants violated the CLRA by representing, through their advertisements, the Product as described above when they knew, or should have known, that the representations and advertisements were unsubstantiated, false and misleading.

58.    Pursuant to § 1782 of the CLRA, by letter dated March 14, 2013, Plaintiff notified Defendants in writing by certified mail of the particular violations of § 1770 of the Act and demanded that Defendants rectify the problems associated with the actions detailed above and give notice to all affected consumers of its intent to so act.  Although Defendants' counsel responded, Defendants did not rectify the problems associated with the Product as set forth herein.

59.    Plaintiff is a consumer under Civil Code § 1761(d).  Civil Code § 1780(a)(2) permits any court of competent jurisdiction to enjoin practices that violate Civil Code § 1770.

60.    Plaintiff also is entitled to recover actual or statutory compensatory/monetary damages as authorized by Civil Code § 1780(a)(1) and Civil Code § 1781(a)(1), restitution as applicable and authorized under Civil Code § 1780(a)(3), and punitive damages as authorized by Civil Code § 1780(a)(4), which are appropriate in this case in light of Defendants' knowing, intentional, malicious, fraudulent and unconscionable conduct, Defendants'

CLASS ACTION COMPLAINT

reckless disregard of its legal obligations to Plaintiff and the members of Class, and/or as otherwise recoverable under Civil Code § 1780(a)(4).

61.     Plaintiff and the members of the Class also are entitled to recover attorneys' fees and costs pursuant to Civil Code §§ 1780 and 1781.

62.     Under Civil Code § 1782(a), Plaintiff provided the required thirty (30) day notice before filing the Complaint in this action pursuant to Civil Code § 1782(d).  The requisite CLRA Declaration is attached hereto as Exhibit "A."

**SECOND CAUSE OF ACTION**
**Unlawful Business Acts and Practices in Violation of California Business and Professions Code §17200, *et seq*. on Behalf of Plaintiff, the General Public and the Class**

63.     Plaintiff realleges and incorporates by reference the allegations contained in the paragraphs above as if fully set forth here.

64.     California Business and Professions Code § 17200 prohibits any "unfair, deceptive, untrue or misleading advertising."  For the reasons discussed above, Defendants have engaged in unfair, deceptive, untrue and misleading advertising, in violation of California Business & Professions Code § 17200.

65.     California Business & Professions Code § 17200 also prohibits any "unlawful . . . business act or practice."  Defendants have violated § 17200's prohibition against engaging in unlawful acts and practices by, *inter alia*, making the misrepresentations and omissions of material facts, as set forth more fully herein, and violating California Civil Code §§ 1572, 1573, 1709, 1710, 1711, 1770, Business & Professions Code § 17200 *et seq*., § 17500, *et seq*., California Health & Safety Code § 110765, and the common law.

16
CLASS ACTION COMPLAINT

66.     Plaintiff and the Class reserve the right to allege other violations of law, which constitute other unlawful business acts or practices.  Such conduct is ongoing and continues to this date.

67.     California Business & Professions Code § 17200 also prohibits any "unfair . . . business act or practice."

68.     Defendants' acts, omissions, misrepresentations, practices and nondisclosures, as alleged herein, also constitute "unfair" business acts and practices within the meaning of Business & Professions Code § 17200, *et seq.*, in that its conduct is substantially injurious to consumers, offends public policy, and is immoral, unethical, oppressive and unscrupulous, as the gravity of the conduct outweighs any alleged benefits attributable to such conduct.

69.     As stated in this Complaint, Plaintiff alleges violations of consumer protection, unfair competition and truth in advertising laws in California resulting in harm to consumers.  Plaintiff asserts violation of the public policy of engaging in false and misleading advertising, unfair competition and deceptive conduct toward consumers.  This conduct constitutes violations of the unfair prong of California Business & Professions Code § 17200, *et seq.*

70.     There were reasonably available alternatives to further Defendants' legitimate business interests, other than the conduct described of herein.

71.     Business & Professions Code § 17200 also prohibits any "fraudulent business act or practice."

72.     Defendants' claims, nondisclosures and misleading statements, as more fully set forth above, were false, misleading and/or likely to deceive the consuming public within the meaning of Business & Professions Code § 17200.

CLASS ACTION COMPLAINT

**THIRD CAUSE OF ACTION**
**Breach of Express Warranty**
**On Behalf of Plaintiff and the Class**

73.     Plaintiff realleges and incorporates by reference the allegations contained in the paragraphs above as if fully set forth here.

74.     Plaintiff, and each member of the Class, formed a contract with Defendants at the time they purchased the Products.  The terms of that contract include the promises and affirmations of fact made by Defendants on the labels and through the marketing campaign, as alleged above.  This Product labeling and advertising constitutes express warranties, became part of the basis of the bargain, and is part of a standardized contract between Plaintiff and the members of the Class on the one hand, and Defendants on the other.

75.     All conditions precedent to Defendants' liability under the warranty have been performed by Plaintiff and the Class.

76.     Defendants breached the terms of the express warranty by not providing Products which could provide the benefits described above.

77.     As a result of Defendants' breach of warranty, Plaintiff and the Class have been damaged in the amount of the purchase price of the Products they purchased.

**FOURTH CAUSE OF ACTION**
**False and Misleading Advertising**
**Violation of Bus. & Prof. Code § 17500, *et seq.***

78.     Plaintiff realleges and incorporates by referenced the allegations contained in the paragraphs above as if fully set forth herein.

79.     Plaintiff brings this cause of action on behalf of herself and on behalf of the Class.

18

CLASS ACTION COMPLAINT

80.     Beginning in or about 2012, Defendants engaged in advertising and marketing to the public and offered for sale the Products throughout the United States, including California.

81.     Defendants have engaged in the advertising and marketing alleged herein with the intent to directly or indirectly induce the purchase of the Products.

82.     Defendants' advertisements and marketing representations regarding the characteristics of the Product, and specifically regarding the 24-hour Claim, were false, misleading, and deceptive as a result of Defendants' knowledge of the falsity regarding the Product, and the fact that the claims were false.

83.     The false and misleading representations were intended to, and likely to, deceive a reasonable consumer.

84.     The false advertisements and misrepresentations were material to Plaintiff and Class members in connection with their respective decisions to purchase the Products.

85.     Plaintiff and other Class members relied on the false advertisements and misrepresentations, which played a substantial part in influencing the decision of the Plaintiff (and the Class) to purchase the Products.

86.     At the time they made and disseminated the statements alleged herein, Defendants knew, or should have known, that the statements were untrue or misleading, and acted in violation of Cal. Bus. & Prof. Code § 17500, *et seq*.

87.     At all pertinent times, Defendants actively concealed knowledge that the Product does not function as advertised.

88.     Plaintiff, on behalf of herself and on behalf of the Class, seeks restitution, disgorgement, injunctive relief, and all other relief allowable under § 17500, *et seq*.

CLASS ACTION COMPLAINT

# **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff, on behalf of herself and the Class, prays for judgment against Defendants granting the following relief:

A.     An order certifying this case as a class action and appointing Plaintiff as Class representative and Plaintiff's counsel to represent the Class;

B.     Restitution and disgorgement of all amounts obtained by Defendants as a result of their misconduct, together with interest thereon from the date of payment, to the victims of such violations;

C.     All recoverable compensatory and other damages sustained by Plaintiff and the Class;

D.     Actual and/or statutory damages for injuries suffered by Plaintiff and the Class and in the maximum amount permitted by applicable law;

E.     An order (1) requiring Defendants to immediately cease their wrongful conduct as set forth above; (2) enjoining Defendants from continuing to misrepresent and conceal material information and conduct business via the unlawful, unfair and deceptive business acts and practices complained of herein; (3) ordering Defendants to engage in a corrective advertising campaign; and (4) requiring Defendants to pay to Plaintiff and all members of the Class the amounts paid for the Products;

F.     Statutory pre-judgment and post-judgment interest on any amounts;

G.     Payment of reasonable attorneys' fees and costs; and

H.     Such other relief as the Court may deem just and proper.

CLASS ACTION COMPLAINT

1   DATED: June  3, 2013

2

3
    Tina Wolfson, SBN 174806
4   Robert Ahdoot, SBN 172098
    Theodore W. Maya, SBN 223242
5   **AHDOOT & WOLFSON, P.C.**
    10850 Wilshire Boulevard, Suite 370
6   Los Angeles, California 90024
    Tel: 310-474-9111; Fax: 310-474-8585
7   Email:twolfson@ahdootwolfson.com
8         rahdoot@ahdootwolfson.com
          tmaya@ahdootwolfson.com
9

10  Rose Luzon, SBN 221544
11  **SHEPHERD, FINKELMAN, MILLER &**
    **SHAH, LLP**
12  401 West A Street, Suite 2350
13  San Diego, CA 92101
    Tel: (619) 235-2416; Fax: (619) 234-7334
14  Email:  rluzon@sfmslaw.com

15

16  James C. Shah
    Natalie Finkelman Bennett
17  SHEPHERD, FINKELMAN, MILLER &
    SHAH, LLP
18  475 White Horse Pike
19  Collingswood, NJ 08107
    Tel:  (856) 858-1770; Fax: (856) 858-7012
20  Email: jshah@sfmslaw.com
21         nfinkelman@sfmslaw.com

22  John F. Edgar
23  EDGAR LAW FIRM LLC
    1032 Pennsylvania Ave.
24  Kansas City, MO 64105
    Tel:   (816) 531-0033; Fax: (816) 531-3322
25  Email: jfe@edgarlawfirm.com

26

27

28
                            21

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

Mark Schlachet
3515 Severn Road
Cleveland, OH 44118
Tel:   (216) 896-0714; Fax:  (216) 932-5390
Email: mschlachet@gmail.com

CLASS ACTION COMPLAINT

# AFFIDAVIT OF TINA WOLFSON

I, Tina Wolfson, declare as follows:

1.      I am an attorney with the law firm of Ahdoot & Wolfson, P.C., counsel for Plaintiff, Angela Daul ("Plaintiff") in this action.  I am admitted to practice law in California and before this Court, and am a member in good standing of the State Bar of California.  This declaration is made pursuant to California Civil Code section 1780(d).  I make this declaration based on my research of public records and upon personal knowledge and, if called upon to do so, could and would testify competently thereto.

2.      Based on my research and personal knowledge, Defendant Lancôme Luxury Products, LLC, Lancôme Sales Inc., and Lancôme, Inc. ("Defendants") do business within the County of Los Angeles and Plaintiff purchased Defendants' products within the County of Los Angeles, as alleged in the Class Action Complaint.

I declare under penalty of perjury under the laws of the United States and the State of California this 3rd day of June, 2013 in Los Angeles, California that the foregoing is true and correct.

_____
Tina Wolfson

23

CLASS ACTION COMPLAINT

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

### NOTICE OF ASSIGNMENT TO UNITED STATES MAGISTRATE JUDGE FOR DISCOVERY

This case has been assigned to District Judge Percy Anderson and the assigned discovery Magistrate Judge is Stephen J. Hillman.

The case number on all documents filed with the Court should read as follows:

## CV13- 3959 PA (SHx)

Pursuant to General Order 05-07 of the United States District Court for the Central District of California, the Magistrate Judge has been designated to hear discovery related motions.

All discovery related motions should be noticed on the calendar of the Magistrate Judge

═══════════════════════════════════════════════════════

### NOTICE TO COUNSEL

*A copy of this notice must be served with the summons and complaint on all defendants (if a removal action is filed, a copy of this notice must be served on all plaintiffs).*

Subsequent documents must be filed at the following location:

| [✓] **Western Division**<br>312 N. Spring St., Rm. G-8<br>Los Angeles, CA 90012 | [ ] **Southern Division**<br>411 West Fourth St., Rm. 1-053<br>Santa Ana, CA 92701-4516 | [ ] **Eastern Division**<br>3470 Twelfth St., Rm. 134<br>Riverside, CA 92501 |
|---|---|---|

Failure to file at the proper location will result in your documents being returned to you.

CV-18 (03/06)     NOTICE OF ASSIGNMENT TO UNITED STATES MAGISTRATE JUDGE FOR DISCOVERY

| |
|---|
| Name & Address:<br>Tina Wolfson<br>AHDOOT & WOLFSON, PC<br>10850 Wilshire Boulevard, Suite 370<br>Los Angeles, California 90024<br>Tel: 310-474-9111; Fax: 310-474-8585 |

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

| ANGELA DAUL, Individually And On Behalf Of All Others Similarly Situated | CASE NUMBER |
|---|---|
| **PLAINTIFF(S)**<br><br>v.<br><br>LANCÔME LUXURY PRODUCTS, LLC; LANCÔME SALES INC.; LANCÔME, INC.<br><br>**DEFENDANT(S).** | **CV 13-03959-PA (SHx)**<br><br><br>**SUMMONS** |

TO:     DEFENDANT(S):

    A lawsuit has been filed against you.

    Within __21__ days after service of this summons on you (not counting the day you received it), you must serve on the plaintiff an answer to the attached ☑ complaint ☐ _____ amended complaint ☐ counterclaim ☐ cross-claim or a motion under Rule 12 of the Federal Rules of Civil Procedure.  The answer or motion must be served on the plaintiff's attorney, _Tina Wolfson, Ahdoot & Wolfson, PC_ , whose address is _10850 Wilshire Boulevard, Suite 370 LA CA 90024_____ . If you fail to do so, judgment by default will be entered against you for the relief demanded in the complaint.  You also must file your answer or motion with the court.

Clerk, U.S. District Court

Dated:  ___JUN - 3 2013___          By: _____

Deputy Clerk

*(Seal of the Court)*

*[Use 60 days if the defendant is the United States or a United States agency, or is an officer or employee of the United States.  Allowed 60 days by Rule 12(a)(3)].*

---

CV-01A (10/11)                                      **SUMMONS**

RETURN TO CUSTOMER

**UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA**
**CIVIL COVER SHEET**

**I. (a) PLAINTIFFS** ( Check box if you are representing yourself ☐ )

ANGELA DAUL, Individaully And On Behalf Of All Others Similarly Situated

**DEFENDANTS** ( Check box if you are representing yourself ☐ )

LANCÔME LUXURY PRODUCTS, LLC; LANCÔME SALES INC.; LANCÔME, INC.

**(b) Attorneys** (Firm Name, Address and Telephone Number.  If you are representing yourself, provide same.)
Tina Wolfson, csb#174806 (twolfson@ahdootwolfson.com)
Ahdoot & Wolfson, PC
10850 Wilshire Boulevard, Suite 370 LA CA 90024
Tel: 310-474-9111

**(b) Attorneys** (Firm Name, Address and Telephone Number.  If you are representing yourself, provide same.)

**II. BASIS OF JURISDICTION** (Place an X in one box only.)

☐ 1. U.S. Government Plaintiff

☒ 3. Federal Question (U.S. Government Not a Party)

☐ 2. U.S. Government Defendant

☐ 4. Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES**-For Diversity Cases Only
(Place an X in one box for plaintiff and one for defendant)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☒ 1 | ☐ 1 | Incorporated or Principal Place of Business in this State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☒ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV. ORIGIN** (Place an X in one box only.)

☒ 1. Original Proceeding

☐ 2. Removed from State Court

☐ 3. Remanded from Appellate Court

☐ 4. Reinstated or Reopened

☐ 5. Transferred from Another District (Specify)

☐ 6. Multi-District Litigation

**V. REQUESTED IN COMPLAINT: JURY DEMAND:** ☒ Yes  ☐ No  (Check "Yes" only if demanded in complaint.)

**CLASS ACTION under F.R.Cv.P. 23:** ☒ Yes  ☐ No     ☒ **MONEY DEMANDED IN COMPLAINT: $** Excess of $5 Million

**VI. CAUSE OF ACTION** (Cite the U.S. Civil Statute under which you are filing and write a brief statement of cause.  Do not cite jurisdictional statutes unless diversity.)
Cal. Consumer Legal Remedies Act, Cal. Unfair Competition Law, Breach of Express Warranty, Cal. False Advertising Law

**VII. NATURE OF SUIT** (Place an X in one box only).

| OTHER STATUTES | CONTRACT | REAL PROPERTY CONT. | IMMIGRATION | PRISONER PETITIONS | PROPERTY RIGHTS |
|---|---|---|---|---|---|
| ☐ 375 False Claims Act | ☐ 110 Insurance | ☐ 240 Torts to Land | ☐ 462 Naturalization Application | **Habeas Corpus:** | ☐ 820 Copyrights |
| ☐ 400 State Reapportionment | ☐ 120 Marine | ☐ 245 Tort Product Liability | ☐ 465 Other Immigration Actions | ☐ 463 Alien Detainee | ☐ 830 Patent |
| ☐ 410 Antitrust | ☐ 130 Miller Act | ☐ 290 All Other Real Property | | ☐ 510 Motions to Vacate Sentence | ☐ 840 Trademark |
| ☐ 430 Banks and Banking | ☐ 140 Negotiable Instrument | **TORTS** | **TORTS** | ☐ 530 General | **SOCIAL SECURITY** |
| ☐ 450 Commerce/ICC Rates/Etc. | ☐ 150 Recovery of Overpayment & Enforcement of Judgment | **PERSONAL INJURY** | **PERSONAL PROPERTY** | ☐ 535 Death Penalty | ☐ 861 HIA (1395ff) |
| ☐ 460 Deportation | | ☐ 310 Airplane | ☐ 370 Other Fraud | **Other:** | ☐ 862 Black Lung (923) |
| ☐ 470 Racketeer Influenced & Corrupt Org. | ☐ 151 Medicare Act | ☐ 315 Airplane Product Liability | ☐ 371 Truth in Lending | ☐ 540 Mandamus/Other | ☐ 863 DIWC/DIWW (405 (g)) |
| ☐ 480 Consumer Credit | ☐ 152 Recovery of Defaulted Student Loan (Excl. Vet.) | ☐ 320 Assault, Libel & Slander | ☐ 380 Other Personal Property Damage | ☐ 550 Civil Rights | ☐ 864 SSID Title XVI |
| ☐ 490 Cable/Sat TV | | ☐ 330 Fed. Employers' Liability | ☐ 385 Property Damage Product Liability | ☐ 555 Prison Condition | ☐ 865 RSI (405 (g)) |
| ☐ 850 Securities/Commodities/Exchange | ☐ 153 Recovery of Overpayment of Vet. Benefits | ☐ 340 Marine | **BANKRUPTCY** | ☐ 560 Civil Detainee Conditions of Confinement | **FEDERAL TAX SUITS** |
| ☒ 890 Other Statutory Actions | ☐ 160 Stockholders' Suits | ☐ 345 Marine Product Liability | ☐ 422 Appeal 28 USC 158 | **FORFEITURE/PENALTY** | ☐ 870 Taxes (U.S. Plaintiff or Defendant) |
| ☐ 891 Agricultural Acts | ☐ 190 Other Contract | ☐ 350 Motor Vehicle | ☐ 423 Withdrawal 28 USC 157 | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 871 IRS-Third Party 26 USC 7609 |
| ☐ 893 Environmental Matters | ☐ 195 Contract Product Liability | ☐ 355 Motor Vehicle Product Liability | **CIVIL RIGHTS** | ☐ 690 Other | |
| ☐ 895 Freedom of Info. Act | ☐ 196 Franchise | ☐ 360 Other Personal Injury | ☐ 440 Other Civil Rights | **LABOR** | |
| ☐ 896 Arbitration | **REAL PROPERTY** | ☐ 362 Personal Injury-Med Malpratice | ☐ 441 Voting | ☐ 710 Fair Labor Standards Act | |
| ☐ 899 Admin. Procedures Act/Review of Appeal of Agency Decision | ☐ 210 Land Condemnation | ☐ 365 Personal Injury-Product Liability | ☐ 442 Employment | ☐ 720 Labor/Mgmt. Relations | |
| | ☐ 220 Foreclosure | ☐ 367 Health Care/ Pharmaceutical Personal Injury Product Liability | ☐ 443 Housing/ Accomodations | ☐ 740 Railway Labor Act | |
| ☐ 950 Constitutionality of State Statutes | ☐ 230 Rent Lease & Ejectment | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 445 American with Disabilities-Employment | ☐ 751 Family and Medical Leave Act | |
| | | | ☐ 446 American with Disabilities-Other | ☐ 790 Other Labor Litigation | |
| | | | ☐ 448 Education | ☐ 791 Employee Ret. Inc. Security Act | |

**FOR OFFICE USE ONLY: Case Number:** CV13-03959

**AFTER COMPLETING PAGE 1 OF FORM CV-71, COMPLETE THE INFORMATION REQUESTED ON PAGE 2.**

CV-71 (02/13)                    CIVIL COVER SHEET                    Page 1 of 2

BY FAX

## UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA
### CIVIL COVER SHEET

**VIII(a). IDENTICAL CASES:** Has this action been previously filed in this court and dismissed, remanded or closed?   ☒ NO   ☐ YES

If yes, list case number(s): _____

**VIII(b). RELATED CASES:** Have any cases been previously filed in this court that are related to the present case?   ☒ NO   ☐ YES

If yes, list case number(s): _____

Civil cases are deemed related if a previously filed case and the present case:

(Check all boxes that apply)   ☐ A. Arise from the same or closely related transactions, happenings, or events; or

☐ B. Call for determination of the same or substantially related or similar questions of law and fact; or

☐ C. For other reasons would entail substantial duplication of labor if heard by different judges; or

☐ D. Involve the same patent, trademark or copyright, _and_ one of the factors identified above in a, b or c also is present.

**IX. VENUE:** (When completing the following information, use an additional sheet if necessary.)

(a) List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which **EACH** named plaintiff resides.

☐ Check here if the government, its agencies or employees is a named plaintiff. If this box is checked, go to item (b).

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| Los Angeles County | |

(b) List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which **EACH** named defendant resides.

☐ Check here if the government, its agencies or employees is a named defendant. If this box is checked, go to item (c).

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| | New York |

(c) List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which **EACH** claim arose.
**NOTE: In land condemnation cases, use the location of the tract of land involved.**

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| Los Angeles County | |

*Los Angeles, Orange, San Bernardino, Riverside, Ventura, Santa Barbara, or San Luis Obispo Counties
Note: In land condemnation cases, use the location of the tract of land involved

**X. SIGNATURE OF ATTORNEY (OR SELF-REPRESENTED LITIGANT):** _NelGea_   DATE: June 3, 2013

Notice to Counsel/Parties: The CV-71 (JS-44) Civil Cover Sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law. This form, approved by the Judicial Conference of the United States in September 1974, is required pursuant to Local Rule 3-1 is not filed but is used by the Clerk of the Court for the purpose of statistics, venue and initiating the civil docket sheet. (For more detailed instructions, see separate instructions sheet.)

Key to Statistical codes relating to Social Security Cases:

| Nature of Suit Code | Abbreviation | Substantive Statement of Cause of Action |
|---|---|---|
| 861 | HIA | All claims for health insurance benefits (Medicare) under Title 18, Part A, of the Social Security Act, as amended. Also, include claims by hospitals, skilled nursing facilities, etc., for certification as providers of services under the program. (42 U.S.C. 1935FF(b)) |
| 862 | BL | All claims for "Black Lung" benefits under Title 4, Part B, of the Federal Coal Mine Health and Safety Act of 1969. (30 U.S.C. 923) |
| 863 | DIWC | All claims filed by insured workers for disability insurance benefits under Title 2 of the Social Security Act, as amended; plus all claims filed for child's insurance benefits based on disability. (42 U.S.C. 405 (g)) |
| 863 | DIWW | All claims filed for widows or widowers insurance benefits based on disability under Title 2 of the Social Security Act, as amended. (42 U.S.C. 405 (g)) |
| 864 | SSID | All claims for supplemental security income payments based upon disability filed under Title 16 of the Social Security Act, as amended. |
| 865 | RSI | All claims for retirement (old age) and survivors benefits under Title 2 of the Social Security Act, as amended. (42 U.S.C. 405 (g)) |